[Cite as *Arvil Lee, L.L.C. v. Magg MSCC, Ltd.*, 2012-Ohio-2891.]

**[Nunc pro tunc opinion. Please see original at 2012-Ohio-2160.]**

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
|  |  | JUDGES: |
| ARVIL LEE, LLC, ET AL | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. Sheila G. Farmer, J. |
| Plaintiffs-Appellees | : | Hon. John W. Wise, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2011-CA-00218 |
| MAGG MSCC, LTD, ET AL | : |  |
|  | : |  |
| Defendants-Appellants | : | *NUNC PRO TUNC* O P I N I O N |

CHARACTER OF PROCEEDING:     Civil appeal from the Stark County Court of
                             Common Pleas, Case No. 2010CV03969

JUDGMENT:                    Reversed and Remanded

DATE OF JUDGMENT ENTRY:      June 25, 2012

APPEARANCES:

For Plaintiffs-Appellees             For Defendants-Appellants

JOHN L. JUERGENSEN CO., LPA          RALPH F. DUBLIKAR
6545 Market Avenue North             BAKER DUBLIKAR, BECK, WILEY & MATHEWS
Washington Square Office Park        400 South Main Street
North Canton, OH 44721               North Canton, OH 44720

*Gwin, P.J.*

{¶1} Plaintiffs-Appellees, Bud Buxton and Arvil Lee, LLC ("Buxton"), filed their Complaint against Defendants-Appellants, MAGG MSCC, Ltd., Sports Page Group, LLC, Robert McLain and Christopher Maggiore ("McLain") on October 29, 2010, alleging breach of contract, fraud, misrepresentation, unjust enrichment and promissory estoppel. In response, McClain filed a counterclaim against Buxton for breach of contract, fraud and misrepresentation, conspiracy to commit fraud, and punitive damages. Subsequently, Buxton voluntarily dismissed his breach of contract claim.

{¶2} On or about June 13, 2011, all outstanding issues were tried to a magistrate. Following the submission of proposed Findings of Facts and Conclusions of Law, the magistrate issued her decision on July 26, 2011. The magistrate's decision totaled twenty-six pages of findings of fact and conclusions of law. The magistrate concluded that Buxton was entitled to recover $35,168.00 in damages, which included $25,168.00 under his unjust enrichment claim and $10,000.00 from an initial down payment. The magistrate further concluded that McLain was entitled to a set-off of $19,125.00 representing the fair rental value of the property while in possession of Buxton. The magistrate dismissed the remaining claims of the parties.

{¶3} On August 9, 2011, McLain objected to the magistrate's decision. On August 23, 2011, Buxton filed his own objections as well as a response to McLain's objections. Lastly, McLain filed his response to Buxton's objections on September 1, 2011. Neither party requested that a transcript of the proceedings be prepared.

{¶4} On September 13, 2011, the trial court affirmed the decision of the magistrate and overruled the objections of all parties.

ASSIGNMENTS OF ERROR

{¶5} McLain timely appealed, raising three assignments of error,

{¶6} "I. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANTS-APPELLANTS IN HOLDING THAT THERE WERE NO ERRORS OF LAW WITH RESPECT TO THE MAGISTRATE'S DECISION AND THAT THE FINDINGS OF FACT SET FORTH IN THE DECISION SUPPORTED THE CONCLUSIONS OF LAW.

{¶7} "II. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANTS-APPELLANTS IN CONCLUDING, AS A MATTER OF LAW, THAT THE DEFENDANTS-APPELLANTS WERE ENTITLED TO RECOVER UNPAID RENT FROM THE PLAINTIFFS-APPELLEES FOR A PERIOD OF ONLY FOUR MONTHS AND SEVEN DAYS WHERE THE COURT HAD PREVIOUSLY FOUND THAT THE PLAINTIFFS-APPELLEES HAD POSSESSION OF THE PREMISES FOR SEVEN MONTHS AND HAD NOT PAID ANY RENT.

{¶8} "III. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANTS-APPELLANTS IN CONCLUDING THAT THE DEFENDANTS-APPELLANTS WERE ONLY ENTITLED TO A SETOFF FOR UNPAID RENT IN THE AMOUNT OF $19,125.00, WHERE THE COURT HAD SPECIFICALLY FOUND THAT THE PLAINTIFFS-APPELLEES HAD POSSESSION OF THE PREMISES FOR SEVEN MONTHS AND THAT THE PLAINTIFFS-APPELLEES HAD AGREED TO PAY RENT IN THE AMOUNT OF $4,500.00 PER MONTH, THEREBY OWING THE DEFENDANTS-APPELLANTS THE SUM OF $32,625.00."

ANALYSIS

I., II. & III.

**{¶9}** The parties agree that the only issue on appeal is the amount of the set-off for unpaid rent to which McLain is entitled. Buxton agrees with the magistrate that the set-off should be the fair rental value of the property while in possession of Buxton.

**{¶10}** The magistrate noted that Buxton was in possession of the property for seven months; however, the magistrate only held Buxton liable for rent beginning February 1, 2010. The magistrate determined that the fair rental value of the property was $4,500.00 per month until Buxton vacated the property or $19,125.00 total.

**{¶11}** McLain argues that this amount should be calculated from November 1, 2009 through June 7, 2010. McLain argues that rent should have been paid since Buxton first took possession of the property and before any improvements were made. We agree.

**{¶12}** In Finding of Fact No. 11 the trial court found,

Several meetings were held between Buxton, McLain and Maggiore regarding this transaction, but there is no dispute that nothing was put in writing as between the parties. However, there is no dispute as to the general terms of the agreement between the parties, which can be summarized as follows:

Buxton agreed to pay $25,000 to the defendants up front. This was to represent the cost of the liquor license and certain equipment that would come with the property.

There is no dispute that the defendants were interested in selling the property, not leasing, and that Buxton was interested in purchasing the property as opposed to leasing. However, the parties agreed to enter into a short-term lease with an option to buy due to the economic conditions at the time and due to Buxton's inability to obtain financing at that time.

Plaintiff testified that the rent would be $4,500 per month; and McLain testified that the rent would be $4,500 plus expenses.

* * *

{¶13} In Finding of Fact No. 13, the trial court found as follows:

There is no dispute that Buxton did not pay any rent from November of 2009 until June 7, 2010, when he voluntarily left the premises and abandoned the project. Defendants did not demand rent from Buxton at any time. Buxton began work on the premises in November of 2009 with the intent to open his sports bar/restaurant to be known as Buddy's Sports Bar in early February of 2010 based upon his statement to the Canton Repository. There is no dispute that the improvements, although started, were not completed, and Buxton decided on his own to abandon the project by letter of June 7, 2010, which he delivered to McLain's place of business.

{¶14} In Conclusion of Law No. 9, the trial court concluded as follows:

In *Peoples v. Holley, supra*, the parties did not dispute the existence of an agreement to pay monthly rent. The claim for rent is not based upon the enforceability of a lease, but rather on the enforceability of an implied-

in-law tenancy. In *Peoples*, supra, the court determined that there was a month-to-month tenancy; that the tenant failed to pay the rent; and that the month-to-month tenancy should be enforced according to the agreement of the parties. This Court adopts the reasoning of *Peoples v. Holley* and reaches the same conclusion.

**{¶15}** In Conclusion of Law No. 10, the trial court then went on to state as follows:

Additionally, plaintiff had the benefit of possession of the premises for seven months. The value of exclusive possession is best measured by the fair rental value of the property while it was off the market and not in control of defendants. Plaintiff expected and declared that he would open in February 2010. Accordingly, this Court finds that plaintiff owed rent from February 1, 2010 through June 7, 2010.

**{¶16}** In Conclusion of Law No. 6 the trial court found, "...defendant expected rent to be paid upon possession. On more than one occasion, McLain questioned Buxton about the unpaid rent."

**{¶17}** In the case at bar, Buxton had exclusive possession of the property from November 2009 until June 2010 when he voluntarily left the premises. Despite concluding that Buxton had the benefit of possession for seven months, and despite further concluding that Buxton did not pay any rent for the seven months and seven days that he had possession, the trial court inexplicably found that Buxton only owed rent from February 1, 2010, through June 7, 2010, a period of four months and seven days.

{¶18} This was an erroneous conclusion based upon the court's own Findings of Fact that Buxton had possession for seven months. In Conclusion of Law No. 29, the trial court concluded, "Defendants are entitled to a set-off for the unpaid rent in the amount of $19,125.00." Instead, the trial court should have concluded that the McLain would be entitled to a set-off for the unpaid rent in the amount of $32,625.00, representing $4,500.00 per month for seven months and seven days. When applying this set-off to the amount that the trial court concluded that the McLain was entitled to, the final judgment in favor of Buxton should have been $2,543.00.

{¶19} Accordingly, McLain's assignments of error are sustained and the judgment of the Stark County Court of Common Pleas is reversed, and this case is remanded for proceedings in accordance with our opinion and the law.

By Gwin, P.J.,

Farmer, J., and

Wise, J., concur

_____
HON. W. SCOTT GWIN

_____
HON. SHEILA G. FARMER

_____
HON. JOHN W. WISE

WSG:clw 0507

[Cite as *Arvil Lee, L.L.C. v. Magg MSCC, Ltd.*, 2012-Ohio-2891.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| ARVIL LEE, LLC, ET AL | : | |
| | : | |
| Plaintiff-Appellant | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| MAGG MSCC, LTD, ET AL | : | |
| | : | |
| | : | |
| Defendant-Appellee | : | CASE NO. 2011-CA-00218 |

 

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas is reversed, and this case is remanded for proceedings in accordance with our opinion and the law.  Costs to appellee.

_____
HON. W. SCOTT GWIN


_____
HON. SHEILA G. FARMER


_____
HON. JOHN W. WISE